ESTATE OF JOHN EDGERLY MORRELL, DECEASED, NATIONAL BANK OF TOPEKA, KANSAS, ADMINISTRATOR WITH THE WILL ANNEXED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 103776.    Promulgated February 18, 1941.

*Ralph W. Oman, Esq.*, for the petitioner.
*Gene W. Reardon, Esq.*, for the respondent.

OPINION.

Arundell: The question arising for decision in these proceedings is whether the estate of John Edgerly Morrell, petitioner, may deduct 1936 personal property taxes paid by the decedent on property held in trust for him during the year 1936.

Allowance of deductions for tax obligations of the taxpayer which are paid by him is made by section 23 (c) of the Revenue Act of 1936. This provision of the statute has generally been construed to grant the deduction only for payment by the taxpayer of levies which accrue as an obligation during the time when he owns the property taxed. *Patrick Cudahy Family Co.*, 36 B. T. A. 1147; affd., 102 Fed. (2d) 930; *Carl K. Lifson, Administrator*, 36 B. T. A. 593; affd., 98 Fed. (2d) 508; *Henry J. Burchell, Executor*, 41 B. T. A. 55; affd., 115 Fed. (2d) 681; *California Sanitary Co., Ltd.*, 32 B. T. A. 122. We have recently held that Iowa property taxes such as are involved here accrue on the date on which the applicable rate is determined and the tax is levied, which is accomplished, by direction of the statute, at the meeting of the county board of supervisors in September of the year for which the tax is assessed. *Lowell H. Chamberlain*, 43 B. T. A. 259.

The circumstances of the instant case, however, require that principles other than those involved in these decisions be applied here. The petitioner was the beneficial owner of the trust properties during the whole of the year 1936, even though legal title did not pass to him until the year's end, and by express provision of sections 6956

and 6957 (Iowa Code of 1935)[1] these trust assets were reported for assessment by the trustees as the property of the beneficiary for whom they were held in trust. The provisions of this statute are substantially similar to those of Ohio considered in *Hord* v. *Commissioner*, 95 Fed. (2d) 179. In that case personal property taxes accruing against property held in trust were paid by the beneficiary to whom distribution was made after their accrual. It was held there that the taxes were an obligation of the beneficiary, since the Ohio statute in order "to secure more effectively the collection of its revenue burdened the beneficiaries with at least a secondary obligation to discharge the taxes" in the event distribution of the taxed assets was made to them before the taxes were paid (p. 181). Accordingly, it was held that the tax obligation which the beneficiary paid and for which he sought deduction was essentially his own, and he was therefore allowed to deduct these taxes paid by him after the distribution.

The facts in the instant case are similar in all significant details to those in the *Hord* case, *supra*, and in face of the identity between the provisions of Iowa and Ohio law in this respect, that case must control our decision here.

Respondent's argument that the petitioner is not shown to have been the beneficial owner of the trust properties prior to the accrual of the taxes is not well taken. By provisions of the four *inter vivos* trusts he was during the entire year the beneficiary entitled to income and distribution of the corpus on attaining 25 years of age. In the instance of the testamentary trust he was likewise entitled during the year 1936 to the distribution of the corpus, and while under this trust it is possible that other children of John H. Morrell might have been, during that year, presumptively entitled to the share in the distribution, it is not essential that the petitioner be the sole beneficiary at the time the taxes accrue, when he later receives the entire property taxed. See *Hord* v. *Commissioner*, *supra*.

Our decision must, accordingly, be for the petitioner on the issue presented.

*Decision will be entered under Rule 50.*

---

[1] 6956. *Listing—by whom.*—Every inhabitant of this state, of full age and sound mind, shall list for the assessor all property subject to taxation in the state, of which he is the owner, or has the control or management, in the manner herein directed:

1. The property of one under disability, by the person having charge thereof.
2. The property of a married woman, by herself or husband.
3. The property of a beneficiary for whom the property is held in trust, by the trustee.
4. The personal property of a decedent, by the executor or administrator, or if there is none, by any person interested therein.
5. The property of a body corporate, company, society or partnership, by its principal accountant, officer, agent, or partner, as the assessor may demand.
6. Property under mortgage or lease is to be listed by and taxed to the mortgagor or lessor, unless listed by the mortgagee or lessee. [C51, §458; R60, §714; C73, §803; C97, §1312; S13, §1312; C24, 27, 31, §6956.]

6957. *Listing property of another.* Any person required to list property belonging to another shall list it in the same county in which he would be required to list it if it were his own, except as herein otherwise directed; but he shall list it separately from his own, giving the assessor the name of the person or estate to which it belongs. [C51, §461; R60, §716; C73, §805; C97, §1316; C24, 27, 31, §6957.]