MARTIN THOMAS O'BRIEN AND HELEN MILLS O'BRIEN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 108648.    Promulgated August 19, 1942.

*Louie Marks, Esq.*, for the petitioner.
*L. M. Ponder, Esq.*, for the respondent.

OPINION.

OPPER: It advances us little in determining the extent to which petitioner can sustain her claim to deduct real and personal property taxes to resort to the principle that such deductions are permissible only if the taxes were levied against petitioner. *Lone Pine Lawn Corporation*, 41 B. T. A. 638, 641; affd. (C. C. A., 2d Cir.), 121 Fed. (2d) 935. For certainly a personal liability to pay the taxes is not a prerequisite to a deduction. It is sufficient if they are assessed as taxes against property which the taxpayer then owns, and could be collected out of it. *Roy J. O'Neil et al., Administrators*, 31 B. T. A. 727. Nor is there any satisfaction to be drawn from the rule that where property changes hands, taxes which are already a lien become additions to the purchase price rather than income deductions if paid by the vendee. *Lifson* v. *Commissioner* (C. C. A., 8th Cir.), 98 Fed. (2d) 508; certiorari denied, 305 U. S. 662. For here the change in ownership which intervened between the time of lien and that of payment was in the legal title only. Petitioner was the beneficial owner when the lien arose, as she was when the payment was made.

We conclude that under these circumstances the principle of *Hord* v. *Commissioner* (C. C. A., 6th Cir.), 95 Fed. (2d) 179, and *Estate of John Edgerly Morrell*, 43 B. T. A. 651, is applicable. "It seems clear enough that in the event the taxes were not otherwise paid the beneficiaries were required to pay or suffer the sale of the property", here exactly as much as in the *Hord* case. The principle of that decision has been stated by the same court to be that it "involved the payment of taxes on a trust estate by the beneficiary, who was at the time of the incidence of the tax the beneficial owner of the estate." *Walsh-McGuire Co.* v. *Commissioner* (C. C. A., 6th Cir.), 97 Fed. (2d) 983.

If while the trust continued to exist and under threat of a foreclosure of the tax lien petitioner had paid these taxes to save property of which she held the equitable title, we think there would be little plausibility to any suggestion that the beneficiary thereby became a pure volunteer. How much more that is true where in the year when the taxes were paid the beneficiary had become the legal as well as the equitable owner.

It is true that in the *Hord* case the court was at some pains to note its conclusion that the laws of Ohio impose upon the beneficiaries a secondary liability because of the requirement that trust property be listed separately together with "the name of the person, [or] estate, * * * to which it belongs." But since, as we have seen, personal liability for taxes is in any event a nonessential consideration and since in all trust cases the beneficiary must "pay or suffer the sale of the property", this hardly seems a satisfactory test or distinction. Furthermore, the language upon which the court relied refers to the "person" to whom "the property belongs." Once we can satisfy ourselves that this property actually belonged to this petitioner, we think it follows by hypothesis that taxes levied upon the property were her taxes.

Be that as it may, we find that in the states concerned the provisions are sufficiently similiar to the Ohio and Iowa statutes relied upon in the *Hord* and *Morrell* cases to eliminate any reasonable ground for distinction. For example, in Indiana (11 Burns Indiana Stats. Ann. 1933, par. 64–412), the provision is:

Persons required to list property on behalf of others shall list it separately from their own, specifying in such case the name of the person, estate, company or corporation to whom it belongs.

In Illinois (24 Jones Illinois Stats. Ann., Rev. 1940, par. 119.555), the following is called for, at least with respect to personal property:

Persons required to list property on behalf of others * * * shall list it separately from their own, specifying in each case the name of the person, estate, company or corporation to whom it belongs.

And in Florida, as respondent concedes, the statute (ch. 4322, Acts of Florida 1895, sec. 17; ch. 5596, Acts of Florida 1907, sec. 14) is comparable if not identical:

Assessment as trustee, guardian, executor, etc.—When a person is assessed as a trustee, guardian, executor, or administrator, a designation of his representative character shall be added to his name, and such assessment shall be entered upon a separate line from the individual assessment.

We are consequently of the opinion that the taxes in question were properly deductible.

The interest paid, however, is another matter. There is no showing that petitioner or her property was responsible directly or indirectly for the debt upon which the interest accrued or for the interest itself. For all that appears, therefore, this was a voluntary payment of interest owed by another. No deduction on its account is therefore permissible. *Automatic Sprinkler Co. of America*, 27 B. T. A. 160; *Helen B. Sulzberger*, 33 B. T. A. 1093, 1099.

A similar conclusion appears appropriate with respect to the deduction for attorney's fees. These apparently involved income tax

liability, though the details are not before us. Payments to attorneys for services connected with income tax claims are ordinarily personal and not business expenses unless the claims arise out of a trade or business carried on by the taxpayer. *Malcolm G. Gibbs*, 34 B. T. A. 1028; *Robert J. Harbison*, 43 B. T. A. 1098. Even if we could say that petitioner was carrying on the trust's activities, there is no showing that the trust was engaged in a trade or business. *John and Pauline Tonningsen Trust*, 43 B. T. A. 37; affd. (C. C. A., 9th Cir.), 126 Fed. (2d) 48. We do not think the deduction should be permitted. As to the sundry operating expenses, the amount is apparently conceded in respondent's brief by inference from the deficiency notice.

Reviewed by the Board.

*Decision will be entered under Rule 50.*