SAMUEL H. NELSON AND SHIRLEY R. NELSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nelson v. Commissioner
Docket No. 21028-91
United States Tax Court
T.C. Memo 1993-419; 1993 Tax Ct. Memo LEXIS 430; 66 T.C.M. (CCH) 691; September 13, 1993, Filed *430 Decision will be entered under Rule 155. Samuel H. Nelson and Shirley R. Nelson, pro se. For respondent: John C. Meaney. RUWE
RUWE
MEMORANDUM OPINION RUWE, Judge: Respondent determined deficiencies in petitioners' Federal income taxes and additions to tax as follows: SAMUEL H. NELSON
Additions to Tax
Year
Defic
Sec. 6651
Sec.
Sec. 6653(a)(1)(B)
Sec. 6661
iency
6653(a)(1)(A)
1986
$ 25,146
$ 6,286.50
$ 1,257.30
50 percent of the
$ 6,286.50
interest due on
$ 25,146
SAMUEL H. NELSON AND SHIRLEY R. NELSON
Additions to Tax
Year
Defic
Sec. 6651
Sec.
Sec. 6653(a)(1)(B)
Sec. 6661
iency
6653(a)(1)(A)
1987
$ 15,273
$ 3,168
$ 763.65
50 percent of the
$ 3,818.25
interest due on
$ 15,273
Additions to Tax
Year
Deficiency
Sec. 6651
Sec. 6653(a)
Sec. 6661
1988
$ 8,550
$ 1,344
$ 427.50
$ 2,137.50
Additions to Tax
Year
Deficiency
Sec. 6651
Sec. 6662
1989
$ 6,381
--
$ 1,276
The notices of deficiency make many adjustments, including the disallowance of Schedule C costs and deductions and itemized deductions claimed by petitioners. These *431 costs and deductions were disallowed primarily because petitioners failed to provide substantiation. Petitioners bear the burden of proving their entitlement to these costs and deductions. Rule 142(a). [1] With respect to the majority of these items, petitioners failed to offer any evidence at trial. As to those items for which no evidence was offered, we sustain respondent's determinations. No purpose would be served by enumerating the individual adjustments with respect to which petitioners failed to offer any evidence or which petitioners conceded. [2] Therefore, we will restrict our opinion to discussing those adjustments contained in the notices of deficiency that petitioners actively contested. Respondent's determinations are presumed correct, and petitioners bear the burden of proof with respect to all these issues. Rule 142(a). *432 Petitioners, Samuel H. Nelson and Shirley R. Nelson, resided in Bend, Oregon, at the time they filed the petition in this case. Petitioners filed joint returns for 1987, 1988, and 1989. Petitioners filed separate returns for 1986 and only Mr. Nelson's return is at issue for 1986. All the returns in issue were filed on August 15, 1990, after petitioners were contacted by respondent's agents. The 1986, 1987, and 1988 returns were delinquent. Petitioners had been granted extensions of time to file their 1987, 1988, and 1989 returns, extending their respective due dates to October 15, 1988, August 15, 1989, and August 15, 1990. Prior to filing the returns on August 15, 1990, petitioner Samuel H. Nelson had not filed an individual income tax return since filing for the year 1976. With respect to the issues that were actively contested, we will combine our findings of fact and opinion. I. Gross Receipts on Schedule C
Mr. Nelson was in the business of selling firewood. On Schedule C of petitioners' 1987 and 1988 returns, they reported gross receipts of $ 7,500 and $ 12,828, respectively. Respondent determined that petitioners had additional 1987 and 1988 gross receipts in *433 the respective amounts of $ 13,818 and $ 6,262. Respondent's determinations were based on petitioners' bank records. These bank records were in petitioners' possession, but petitioners did not bring them to the trial. Petitioners produced no books and records of income earned in the firewood business. Mr. Nelson admitted to being "the poorest individual in the world for keeping records and business accounts". At trial, Mr. Nelson admitted receiving specific items of business income in 1988 totaling over $ 17,540, which is in excess of the $ 12,828 reported as gross receipts on the 1988 Schedule C. The returns which petitioners filed on August 15, 1990, were based on summaries that Mr. Nelson provided to petitioners' return preparer. The source of the information on these summaries is not clear. Other than Mr. Nelson's assertion that he thought the reported income figures were correct, petitioners offered nothing to show that respondent's determination was incorrect. We sustain respondent's determination. II. Capital Gains and Losses
1986
On his 1986 return, Mr. Nelson reported the sale of one-half of a business as a long-term capital gain in the amount of $ 6,300. *434 Respondent disallowed petitioners' reported cost basis of $ 6,200, increased the gain by that amount, and determined that the resulting $ 12,500 gain was a short-term gain. Mr. Nelson offered no credible evidence of the claimed cost basis or of how long he had held the business. Mr. Nelson testified that ultimately the purchaser did not complete the transaction but gave no further details. Under these circumstances, we sustain respondent's determination. 1987
On their 1987 return, petitioners reported a capital gain from the sale of equipment. The return reflects a sale price of $ 7,500, no basis, and a resulting gain of $ 7,500. The record reflects total 1987 payments to Mr. Nelson from Jack L. Gourley in the amount of $ 9,500, which was the basis for respondent's determination that petitioners underreported the sale of equipment by $ 2,000. Petitioners offered no credible evidence proving that respondent's determination was incorrect. We sustain respondent's determination. Respondent also determined that during 1987 Mr. Nelson sold a one-half interest in a business to Richard W. Patterson for $ 30,000, which was not reported on petitioners' 1987 return. This sale *435 is acknowledged by Mr. Nelson, but he claims that he is entitled to a cost basis. However, petitioners produced no credible evidence of cost. We therefore sustain respondent's determination. 1988
Respondent determined that Mr. Nelson received a $ 13,000 capital gain from the sale of a business interest to John Merritt. The record supports the fact that such a sale occurred and that payments were made by the purchaser. Petitioners did not deny the sale to Mr. Merritt. The sale was not reported on petitioners' return. Petitioners argue that respondent has not shown that Mr. Nelson actually received the proceeds of all the checks from Mr. Merritt because some of them were made payable to a business in which Mr. Nelson was a partner. Petitioners provided no further explanation. Based on this record, we sustain respondent's determination. On their 1988 return, petitioners reported a $ 28,200 capital loss from the sale of a business interest. They deducted $ 3,000 of this in 1988 and deducted $ 3,000 in 1989 as a carryover. Respondent disallowed these loss deductions because petitioners had not substantiated their cost basis. Petitioners failed to produce evidence of basis *436 at trial. As a result, we sustain respondent's determination. III. Mortgage Interest and Property Taxes on 325 N.W. Delaware Property
Respondent disallowed interest and real estate tax deductions that petitioners claimed on their 1986, 1987, 1988, and 1989 returns with respect to property located at 325 N.W. Delaware, Bend, Oregon. [3] Petitioners claim that they are entitled to these interest and tax deductions because Mr. Nelson was purchasing the property pursuant to the terms of a land sale contract. In December 1980, a land sale contract was entered into between Mr. and Mrs. Cockerill, as sellers, and Mr. and Mrs. Cameron, as buyers. The contract called for the buyers to pay off the remaining $ 52,000 balance of the purchase price in monthly installments of not less than $ 542, including interest at the rate of 10.5 percent. The monthly payments were to include one-twelfth (1/12) of the annual real property taxes. *437 The buyers agreed to pay the entire balance, both principal and accrued interest, on or before January 4, 1991. Petitioners claim that they purchased the Camerons' interest in this land sale contract in 1986, assumed the obligations of the Camerons, and thereafter, made the required payments of interest and taxes to the Cockerills. Respondent's disallowance of the interest and tax deduction was based solely on the ground that petitioners had no obligation to pay the real estate taxes and interest, because they did not have an ownership interest in the property during the years at issue and never incurred the legal obligation to pay for the property. Petitioners presented documentary evidence showing that Mr. Nelson entered into a written contract to purchase the Camerons' interest in the property in February 1986, and that the Camerons assigned their interest in the original land sale contract to Mr. Nelson in 1986. During the years in issue, Mr. Nelson's mother occupied the property. Respondent argues that the original sellers, the Cockerills, were not a party to the 1986 contract and that the original 1980 land sale contract was not assignable without the Cockerills' permission. *438 Petitioners, on the other hand, testified to their assumption of the contract and their payments to the Cockerills pursuant to the terms of the contract. They substantiated this with canceled checks to the Cockerills for monthly payments. [4] *439 Petitioners introduced documentation that a title insurance company participated in the February 1986 purchase and assumption, that Mr. Nelson made a substantial deposit towards the purchase price, and that just prior to this, the Cockerills and Camerons entered into a written agreement "to facilitate efforts of Cameron to resell the property with either the satisfaction of the remaining balance due to Sellers or the assumption thereof by the new purchaser." (Emphasis added.) On December 9, 1991, the Cockerills executed a warranty deed for the property to petitioner Shirley R. Nelson. On the basis of these facts, we are satisfied that the burdens and benefits of ownership of the 325 N.W. Delaware property were transferred to Mr. Nelson in 1986 when he entered into the contract with the Camerons to assume their rights and obligations regarding the purchase of the 325 N.W. Delaware property. [5]
Oregon law generally imposes real property taxes on the subject property. See Or. Rev. Stat. secs. 310.060-310.140 (1991). Where this is true, the beneficial owners of the property bear the risk attached to nonpayment of such taxes and are entitled to a deduction for their payment. See Hord v. Commissioner, 95 F.2d 179, 181 (6th Cir. 1938), revg. 33 B.T.A. 342 (1935); Estate of Movius v. Commissioner, 22 T.C. 391, 394 (1954); Horsford v. Commissioner, 2 T.C. 826, 827 (1943); O'Brien v. Commissioner, 47 B.T.A. 561, 563 (1942); Pacific Southwest Realty Co. v. Commissioner, 45 B.T.A. 426, 439 (1941), *440 affd. 128 F.2d 815 (9th Cir. 1942); Estate of Morrell v. Commissioner, 43 B.T.A. 651, 654 (1941); see also 7 Mertens, Law of Federal Income Taxation, sec. 27.80, at 173 (1974 rev.). Accordingly, petitioners, as beneficial owners, are allowed to deduct their payment of real property taxes. Interest payments are only deductible if: (1) There is a bona fide indebtedness; (2) the indebtedness is that of the taxpayer; (3) the interest is paid or accrued on the indebtedness; and (4) the payment or accrual is made within the taxpayer's taxable year. See 6 Mertens, Law of Federal Income Taxation, sec. 26.01, at 1 (1974 rev.). As noted, we are satisfied that Mr. Nelson incurred a bona fide indebtedness upon his assumption of the Camerons' contract and payment obligations. We are also satisfied that the indebtedness was that of Mr. Nelson as beneficial owner. See Riordan v. Commissioner, T.C. Memo. 1978-194; Markward v. Commissioner, T.C. Memo. 1978-312; see also sec. 1.163-1(b), Income Tax Regs. The other requirements for deductibility of interest are satisfied here *441 as well. Petitioners are entitled to deduct the interest payments attributable to the land sale contract. IV. Deductions for Legal Fees
Petitioners claimed $ 1,822 in legal fees as itemized deductions on Schedule A of their 1988 return. Respondent disallowed the deduction for these legal fees but now concedes that they are deductible as itemized deductions on Schedule A. Petitioners now apparently claim that they should be deductible as Schedule C expenses. We disagree with petitioners. These expenses were a result of a dispute that originated with Mr. Nelson's sale of an interest in a partnership. The legal expenses were not incurred with respect to a Schedule C business. On Schedule A of their 1989 return, petitioners claimed $ 9,672 in attorney fees and $ 7,607 as investment expenses. Respondent disallowed $ 14,030 of these combined amounts, which included $ 3,339 of legal fees paid by Mr. Nelson and $ 6,348.19 of legal fees paid by Mrs. Nelson. Respondent has now conceded that Mr. Nelson's legal fees are deductible as itemized deductions, and we reject petitioners' claim that these amounts are deductible as Schedule C deductions for the same reason stated in the *442 previous paragraph. Mrs. Nelson's attorney fees were the result of her being joined as a defendant in the litigation concerning the partnership interest that her husband had sold. Respondent argues that these attorney fees are personal -- nondeductible expenses of Mrs. Nelson -- because she was not a partner in the partnership and because she maintains that the law suit against her was totally groundless. The facts surrounding the legal action against Mrs. Nelson show that the proceeds from the sale of Mr. Nelson's partnership interest were deposited to Mrs. Nelson's bank account and that Mrs. Nelson had on numerous occasions transferred funds to or for the partnership. The transfers from Mrs. Nelson were characterized as loans to the partnership. Mr. and Mrs. Nelson's involvement with the partnership was motivated by a desire for financial gain, and it was Mrs. Nelson's involvement with the partnership that formed the basis for the legal action against her. [6] We hold that Mrs. Nelson's legal fees are deductible pursuant to section 212 as itemized deductions. *443 V. Self-Employment Tax
Section 1401 imposes a tax on the self-employment income of every individual. Respondent determined that Mr. Nelson had underreported his self-employment tax for each year in issue. Petitioners did not address this issue on brief, and it appears that their only argument with respondent's determination would be related to the income and deduction determinations that affect the amounts of self-employment income for each year in issue. Since we have sustained all respondent's adjustments that affect the amount of self-employment income, we sustain respondent's determination with respect to self-employment income tax. VI. Additions to Tax Section 6651(a)(1)
Respondent determined that petitioners were liable for additions to tax under section 6651(a)(1) for 1986, 1987, and 1988. Section 6651(a)(1) imposes an addition to tax in case of failure to file a timely tax return, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Patronik-Holder v. Commissioner, 100 T.C.   ,     (1993) (slip op. at 9). Petitioners did not file returns for the years in issue until August 15, 1990, after they were *444 contacted by respondent's agents. Prior to filing these returns, Mr. Nelson had not filed an individual income tax return since filing for the year 1976. Based on this record, we sustain respondent's determination under section 6651(a)(1). Section 6653(a)
Respondent determined that petitioners were liable for additions to tax under section 6653(a) for the taxable years 1986, 1987, and 1988. Section 6653(a) imposes an addition to tax equal to 5 percent of the underpayment if any part of the underpayment is due to negligence or disregard of rules or regulations. [7] Negligence is lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioners bear the burden of proof on this issue. Bixby v. Commissioner, 58 T.C. 757 (1972). Petitioners' *445 failure to keep adequate records and their failure to file for the years in issue constitutes a disregard of rules or regulations and a lack of due care. There is no evidence in the record to support their arguments to the contrary. We therefore sustain respondent's determination. For 1986 and 1987, section 6653(a)(1)(B) imposes an addition to tax in an amount equal to 50 percent of the interest payable under section 6601 with respect to the portion of the underpayment which is attributable to negligence. Respondent determined that the full underpayment was due to negligence in these years. In light of the discussion above and the record in this case, we sustain respondent's determination of a 50-percent addition to tax under section 6653(a)(1)(B) for 1986 and 1987. Section 6661
Respondent determined that petitioners were liable for additions to tax under section 6661 for the taxable years 1986, 1987, and 1988. Section 6661(a) provides for an addition to tax equal to 25 percent of the amount of any underpayment attributable to a substantial understatement of tax. Pallottini v. Commissioner, 90 T.C. 498, 501 (1988). An understatement is *446 substantial if it exceeds the greater of $ 5,000 or 10 percent of the tax required to be shown on the return. Sec. 6661(b). The amount of the understatement may be reduced under section 6661(b)(2)(B), for amounts adequately disclosed or supported by substantial authority. Respondent's determination of the addition to tax is presumed correct and petitioners bear the burden of proving otherwise. Rule 142(a); Hall v. Commissioner, 729 F.2d 632, 635 (9th Cir. 1984), affg. T.C. Memo. 1982-337; Bixby v. Commissioner, supra at 791-792. Petitioners did not file returns for the years in issue. Thus, the underpayment equals the full amount of petitioners' tax liability for those years. Petitioners make no argument with to substantial authority or adequate disclosure, and we find that no such argument exists. Petitioners contend, however, that respondent's failure to waive this penalty is an abuse of discretion. Based on this record, we disagree with petitioners and sustain respondent's determination. Respondent's determination under section 6661 must be modified to reflect the fact that petitioners *447 were entitled to: (1) Deduct mortgage interest and property taxes on the 325 N.W. Delaware property; and (2) deduct as itemized deductions legal fees in 1988. If, as a result of these modifications, the understatement for any of the years in issue is no longer substantial within the meaning of section 6661, this addition to tax will not apply for such year. Section 6662
Respondent determined an addition to tax under section 6662 for the taxable year 1989. Section 6662 imposes an addition to tax in the amount of 20 percent of any underpayment attributable to negligence or disregard of rules or regulations, substantial understatement of income tax, substantial valuation overstatement under chapter 1, substantial overstatement of pension liabilities, or substantial estate or gift tax valuation understatement. Sec. 6662(b). The only reason stated in the notice of deficiency for respondent's assertion of the section 6662 addition is that there was a substantial understatement of tax. A substantial understatement is one that exceeds the greater of 10 percent of the tax required to be shown on the return or $ 5,000. Sec. 6662(d). The 1989 deficiency determined by respondent *448 was $ 6,381, which was based on total adjustments to income of $ 26,099. Since we have allowed over one-half of the deductions that respondent disallowed in the notices of deficiency, it is apparent that there is no substantial understatement within the meaning of section 6662(d). Therefore, petitioners are not liable for the section 6662 addition to tax. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the taxable years in issue.↩
2. Petitioners concede on brief that they failed to meet their burden of proof as to some of these items. As to others, petitioners moved to supplement the record after trial. Respondent objected and we denied petitioners' motion.↩
3. Mr. Nelson deducted only interest on his 1986 return with respect to this property.↩
4. Respondent has not questioned the accuracy of the amounts claimed by petitioners, nor that the real estate taxes were paid.↩
5. Respondent objects to the documents petitioners introduced to support their ownership interest and debt obligation because petitioners did not present these documents in advance of trial. In light of our review of these documents and the testimony, and considering that petitioners were not represented by counsel, we believe that it is appropriate, in this case, to overrule respondent's objection.↩
6. Respondent objects to the documentary evidence that gives rise to our conclusion because petitioners failed to produce this evidence in advance of trial. We overrule respondent's objections for the same reason stated supra↩ note 2.
7. For 1986 and 1987, sec. 6653(a)(1)(A) imposes this addition. For 1988, it is imposed by sec. 6653(a)(1)↩.