CORNELIA C. F. HORSFORD, PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 112449.  Promulgated September 30, 1943.

*Richard Bancroft, Esq.*, for the petitioner.
*Melvin S. Huffaker, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge:* The Commissioner determined deficiencies in income tax of this petitioner as follows:

| | |
|---|---|
| 1937 | $175.45 |
| 1939 | 234.81 |
| 1940 | 442.98 |

The only adjustments made by the Commissioner which are now contested are the disallowance of deductions for taxes paid by the petitioner on a residence in Cambridge, Massachusetts, which she occupied. The case has been submitted upon a stipulation of facts, which is hereby adopted as the findings of fact.

The petitioner's father died in 1893 a resident of Cambridge, Massachusetts. He left the family homestead in trust to the petitioner and another daughter and the survivor of them and their heirs and assigns forever. His widow was to have the privilege of occupying the homestead during her life, and upon her death any daughters who remained unmarried were to have the right to occupy it for their lives. The occupant was "to pay all taxes thereon and to keep the estate in good repair during that time." Upon the death of the last unmarried daughter the estate was to be sold by the trustees and the proceeds divided equally among any surviving daughters and the then living issue of any deceased daughter or daughters.

The father was survived by his widow and five daughters. The widow died in 1900 and all of the daughters except the petitioner died prior to 1928. There are living issue of daughters who married. The petitioner has never married. She has occupied this property as a residence for many years. She has held the property as surviving trustee. The trust has never been in receipt of any income.

The taxes here in question were assessed on this property in the name of the trustee by the city of Cambridge for the taxable years. The petitioner paid all of those taxes in the year assessed. She filed no return for the estate of which she was trustee, but claimed deductions for the taxes here in question on her individual Federal income tax returns. The Commissioner explained in his notice of deficiency

that the deductions were not allowable under section 23 (c), because the taxes were assessed to the trustee.

This is not a case requiring decision as to which of two owners is entitled to deduct a tax where there has been a change of ownership during the year. The question is, Are the taxes deductible by the trust of which this petitioner was trustee or are they deductible by her individually? They are not deductible by the trust because the trust did not pay them, and for that matter had no means of paying them. The petitioner paid them as an individual. She had to pay them in order to protect and enjoy the estate which she had in the real property. While it is not necessary to determine exactly what estate she had in the premises, nevertheless, it is apparent that she had some equitable estate therein during her life. The case of *Margaret B. Sparrow et al., Trustees*, 18 B. T. A. 1, is distinguishable. There the trustee had funds, made repairs upon the premises, and was allowed a deduction for repairs. The widow in that case was reimbursed for the taxes which she paid and their deductibility was not in issue. Here the petitioner was required by the will to pay all taxes on the property and to keep the estate in good repair during her occupancy, she actually paid the taxes, and was not reimbursed. She was not paying the taxes of another, either voluntarily or by contract, but was paying taxes upon her own property under the alternative that the sovereign would take the property for nonpayment. She was not paying them merely because of the provisions of the will. She had to pay them or vacate the property. She is entitled under the circumstances of this case to the deductions which she claimed on her returns. Cf. *Martin Thomas O'Brien*, 47 B. T. A. 561; *Estate of John Edgerly Morrell*, 43 B. T. A. 651; *Hord* v. *Commissioner*, 95 Fed. (2d) 179.

*Decision will be entered under Rule 50.*