OPINION. BRuce, Judge: In each of the statements accompanying the notices of deficiencies herein, respondent explained the adjustments giving rise to the deficiencies as follows: It is held that no deduction is allowable under Section 28 (c) of the Internal Revenue Code for taxes paid on real property held in trust for you, legal title to which is in the trustees. Petitioners contend that the funds accumulated for the payment of taxes under the permission and direction of the two beneficiaries, being distributable to them and being applied by their direction to payment of taxes to protect properties of which they were the direct beneficiaries, constitute payments of taxes by them individually from these funds and that they are entitled to their deduction as taxes paid. It is respondent’s contention that the Rumsey estate had never been settled and was still a taxable entity, and that payment of the taxes was actually made by the executors of the estate and made from income of the estate and consequently deduction could be taken only by the estate and not by the beneficiaries. The rule appears to be clear that one owning a beneficial interest in property who pays taxes thereon to protect such interest may deduct the payment so made, even though the legal title to the property is in another against whom the tax is assessed. Cornelia C. F. Horsford, 2 T. C. 826; Martin Thomas O'Brien, 47 B. T. A. 561; Estate of John Edgerly Morrell, 43 B. T. A. 651; Hord v. Commissioner, 95 F. 2d 179. We think, under the facts here presented, the payment of the taxes in question must be held to have been by the two beneficiaries of the estate. The funds in question were ones to which they were entitled and were withheld from actual distribution to them, under their direction, to be used for the specific purpose of protecting their individual interests in the real property of the estate. Without such withholding and payment the property thus saved for the estate, and consequently for the benefit of petitioners, would have been lost through tax sales, as indeed several pieces of property on which the taxes were not paid by the estate or by petitioners were lost. The payment of the taxes by the executors-trustees in the circumstances of this case must be regarded as the equivalent of payment by the petitioners. This income had been treated by the beneficiaries as realized and distributed to them, as it was included in the income reported by them on their returns for the three years. The manner in which the use of these funds was effected appears to be no more than one of convenience. Ballachey was agent of the estate and of the trusts, and personal agent of the two individual beneficiaries. We think to hold that this income was never realized and used by the beneficiaries is to overlook the realities of the situation. Petitioners, by amended petitions, have raised an alternative issue. This is that the administration of the Rumsey estate having been prolonged for many years after all debts were paid, and for the one purpose of liquidating the real estate holdings, it should be considered as in fact terminated and the executors as holding the real estate merely as trustees in the interests of the two trusts; that consequently the real estate should be considered as trust assets and the separate accounts of the estate and the two trusts be consolidated and the income or loss determined as that of the trusts; thus, in that event, the expenditures of the estate would be offset against incomes of the trusts and the items here in question should be given effect as deductions in the computing of net income of the petitioners as beneficiaries. In view of our holding on the primary contention the alternative issue is not considered. Respondent is reversed upon his holding that petitioners are not entitled to deductions representing taxes paid on estate property from income withheld from distribution to them at their direction for use for this purpose. Petitioners on brief have waived claims asserted for findings of overpayment. In Docket No. 34038 the figures of petitioners and respondent are in accord, but in Docket No. 34039 there is a slight discrepancy in the figures which is not explained by the record. Reviewed by the Court. Decision will be entered for the petitioner in Docket No. 31fi38. Decision will be entered under Rule 50 in Docket No. 3¡¡039.