KATHARINE B. BLISS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 56458. Filed February 13, 1957.

*George A. Donohue, Esq.*, for the petitioner.
*Robert B. Wallace, Esq.*, for the respondent.

OPINION.

RAUM, *Judge:* The Commissioner determined a deficiency in income tax for 1950 in the amout of $36,713.45. Only one adjustment is now in controversy. At issue is the amount allowable to petitioner as a deduction for casualty loss sustained by reason of damage to property caused by a windstorm. Sec. 23 (e) (3), I. R. C. 1939. The facts have been stipulated.

Petitioner was born October 7, 1870. Her husband died in 1924. He devised to her a legal life estate in a residence and farm known as Wendover located in Morris and Somerset Counties, New Jersey. The remainder was devised to executors and trustees upon certain trusts for the benefit of his descendants. The will directed that petitioner was not to be "subject to any impeachment for waste in respect of" the property.

On November 25, 1950, a severe storm caused damage to Wendover, most of the damage being inflicted upon trees, shrubs, and hedges. In her income tax return for 1950 she claimed a loss in the amount of $44,882.75. However, the parties have now stipulated that the amount of the loss was $31,341.56, of which $1,341.56 represents the cost of removing the debris left by the storm. The Commissioner's determination allowed her a deduction only in the amount of $1,341.56. She now seeks to deduct the remaining $30,000, but the Commissioner contends that she is entitled to no part thereof.

We think that the Commissioner erred in denying a deduction for any portion of the loss, apart from the cost of removing the debris. True, petitioner was not the owner of the property in fee simple. Nevertheless, she did have a freehold interest, namely, a legal life estate, and the injury to the property represented, in part at least, an injury to her freehold interest. That she was not accountable for waste in no way detracts from the injury that she sustained. Plainly, we think, the Commissioner should have taken into account the damage to her freehold interest and allowed a deduction therefor. He was wrong in allowing no deduction, apart from the cost of removing the debris.

On the other hand, we cannot agree with petitioner that she is entitled to deduct the entire $30,000 in controversy. Her interest was only a life estate, but the damage was an injury to both the life estate

and the remainder. It therefore becomes necessary to make an apportionment. Indeed, petitioner recognizes that an apportionment might be proper, for her counsel make an alternative argument in which they ask for an apportionment, as follows:

Mrs. Bliss was born October 7, 1870 and was 80 years old when the storm of November 25, 1950 occurred. By reference to the 4% Table in Section 81.10 of Regulations 105 (Estate Tax) we find that an annuity of $1 is worth $3.66071 to a person of that age. Assuming that the right to occupy is equivalent to a 4% annuity (the usual assumption), Mrs. Bliss' share of the $30,000 loss (if the real estate were included in a trust of which she was life beneficiary) would be $4,392.85. This would be in addition to the out-of-pocket expense of removing the debris, which was $1,341.56, a total of $5,734.41.

We think that the alternative contention is reasonable and suggests a conclusion that we might independently reach. Cf. *Cohan* v. *Commissioner*, 39 F. 2d 540, 544 (C. A. 2). To be sure, petitioner would not be entitled to a deduction in excess of her adjusted basis in the property (cf. *Helvering* v. *Owens*, 305 U. S. 468), and the record contains no direct evidence as to such basis. On the other hand, section 113 (a) (5) of the Internal Revenue Code of 1939 provides that basis of property acquired by bequest, devise, or inheritance shall be fair market value as of the time of acquisition, and the record shows that the property involved herein was very extensive and obviously of considerable value. Moreover, since it is stipulated that the property was used for non-income-producing residential purposes, it was not subject to depreciation which might otherwise have reduced the basis. On the whole, we are satisfied that her adjusted basis was well in excess of $5,734.41, which we find to be the loss actually sustained by her and which we hold to be deductible. Cf. *Helvering* v. *Owens, supra*.

*Decision will be entered under Rule 50.*