**Katharine B. BLISS, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 115, Docket 24768.**

United States Court of Appeals
Second Circuit.

Argued Feb. 4, 1958.

Decided June 18, 1958.

534

Elden McFarland, Washington, D. C. (George M. Clark and George A. Donohue, New York City, on the brief), for petitioner.

Marvin W. Weinstein, Atty., Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson and Melva M. Graney, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before MEDINA, WATERMAN and MOORE, Circuit Judges.

MEDINA, Circuit Judge.

Petitioner, the owner of a life estate in non-income producing realty, seeks reversal of a decision of the Tax Court which allowed her to deduct only a portion of the loss suffered when a hurricane damaged this property. In this case we must determine for the first time whether a casualty loss deduction authorized by Section 23(e) (3) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 23(e) (3), may be deducted in its entirety by a life tenant, or whether the deduction must be apportioned between the life tenant and remaindermen in respect to their mutual interest in the damaged property.

Petitioner, Katharine B. Bliss, was willed a legal life estate in a residence and farm by her husband, who died in 1924. The will provided that, as a life tenant, petitioner was not to be subject to any impeachment for waste, and also, that on petitioner's death the property was to be sold by the trustees and the proceeds distributed to certain beneficiaries if they survived petitioner. The property was used by petitioner for residential purposes and was not income producing.

The pertinent provisions of the will of petitioner's husband are:

"Third: I also give, devise and bequeath to my said wife Katherine (sic) Baldwin Bliss, for and during the term of her natural life, my residence and farm, known as 'Wendover,' partially located in Mendham Township, Morris County, New Jersey, and partially located in Somerset County, New Jersey, provided that my said wife shall signify in writing to my Executors, within six months after the admission to probate of this my Will, her election to accept the above life estate in said residence and farm.

"And in the event that my said wife shall elect in the manner aforesaid to accept the above life estate in said residence and farm, in such case, upon her decease, I give, devise and bequeath said residence and farm to my Executors and Trustees, or to such one or more of them as shall assume the burden of executing my Will, and to the survivors or survivor, successors or successor, of them, In Trust Nevertheless, to sell the same as soon as possible after the death of my said wife and to put the proceeds of such sale into my residuary estate, and to dispose of said proceeds as a portion of my

residuary estate, under the provisions of Article Ninth of this my Will.

\* \* \* \* \* \*

"Fifth: I direct that my said wife, as tenant for life either of my above mentioned winter residence or of my said residence and farm known as 'Wendover' or of both, shall not be subject to any impeachment for waste in respect of either or both of said parcels of real property."

On November 25, 1950 the property was severely damaged by a hurricane. The parties stipulated that the amount of the loss was $30,000, plus $1,341.56, the cost of removing the debris left by the storm. Of this total amount the Tax Court allowed petitioner a casualty loss deduction of $5,734.41, an amount determined by using the $30,000 portion of the loss as the corpus of a 4% trust, then multiplying the anticipated annual return by petitioner's life expectancy, and adding thereto the $1,341.56 which petitioner actually spent in clearing away the damaged trees and shrubs left by the storm. Petitioner claims that she is entitled to deduct the entire $31,341.-56, while the Commissioner, who took the position before the Tax Court that petitioner was entitled to no deduction except for the cash disbursement made in connection with clearing away the debris caused by the hurricane, now acquiesces in the apportionment and would have us affirm the judgment of the Tax Court.

Section 23(e) (3) of the Internal Revenue Code of 1939, which authorizes the deduction of casualty losses suffered on "property not connected with a trade or business," is silent on the question of apportionment of this deduction between the owners of present and future interests in the property damaged.

We are asked to construe Section 23(e) (3) *in pari materia* with Sections 23(l) and (m) of the 1939 Code which provide with reference to depreciation and depletion that "the deduction shall be computed as if the life tenant were the absolute owner of the property and shall be allowed to the life tenant." But these depreciation and depletion rules have no bearing whatever on the problem now before us, which concerns non-income producing property. The tracing of the legislative history of Sections 23(l) and (m) has been of no assistance whatever to us.

On the other hand, the scheme of apportionment devised by the Tax Court is no more than a stab in the dark in an obvious attempt to minimize the hardship and absurdity of a ruling that Mrs. Bliss is entitled to no deduction whatever. There is no trust fund here, nor is there any income from "Wendover," which this elderly lady has long occupied as her home. We find no basis for the analogy between the loss of $30,000 by destruction of the trees, shrubbery and hedges, and a trust fund of $30,000 bearing income at the rate of 4% per annum. Moreover, on the facts of this particular case and under the terms of this particular will, there appears to be no possibility that the remaindermen or the trustees could prove any loss whatever to them, nor does it appear that either the remaindermen or the trustees ever asserted or contemplated making any such claim.

As a matter of practical common sense the entire burden of the destruction of the trees, shrubs and hedges surrounding "Wendover" as a private residence occupied by Mrs. Bliss fell directly upon her. As the home, without replacement of the trees, shrubs and hedges, or some new landscaping, was no longer suitable for occupancy as a residence, the entire loss was suffered by Mrs. Bliss.

Accordingly, we hold that petitioner is entitled to deduct the entire loss of $30,000, together with the $1,341.56 expended by petitioner in clearing away the debris. And we find nothing in this holding that conflicts in any way with our decision in the landlord and tenant case of Bonney v. Commissioner, 2 Cir., 247 F.2d 237. We wish to be understood, however, as not formulating any rule of general application but only as deciding this case on the basis of the unusual fact situation now before us.

536

However, since the Tax Court did not determine the basis of petitioner's life estate in the residence and farm devised to her, this case is remanded to the Tax Court for the sole purpose of making such a determination, and for a determination of the maximum allowable deduction under the rule in Helvering v. Owens, 305 U.S. 468, 59 S.Ct. 260, 83 L.Ed. 292.

Reversed and remanded.