LOUIS V. COUGHLIN and JOAN L. COUGHLIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Coughlin v. Commissioner
Docket No. 8110-71.
United States Tax Court
T.C. Memo 1973-243; 1973 Tax Ct. Memo LEXIS 47; 32 T.C.M. (CCH) 1137; T.C.M. (RIA) 73243; October 29, 1973, Filed Louis V. Coughlin and Joan L. Coughlin, pro se. Robert J. Murray, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AN OPINION FEATHERSTON, Judge: Respondent determined a deficiency of $1,091.83 in petitioners' 1968 Federal income tax. The issues for decision are: (1) What amount, if any, are petitioners entitled to deduct under section 165 [1] as a casualty loss in 1968; and (2) whether petitioners have been denied any rights under *48 the Sixth Amendment to the United States Constitution. 2 FINDINGS OF FACT Louis V. Coughlin and Joan L. Coughlin (hereinafter referred to jointly as petitioners), husband and wife, resided in Swisher, Iowa, at the time their petition was filed with this Court. They filed a joint Federal income tax return for 1968 with the director of the Midwest Service Center in Kansas City, Missouri. On December 20, 1968, a fire occurred in the residence in which petitioners were living in Oxford, Iowa, distroying most of their personal possessions and household goods. Following the fire, petitioners and their children complied a list of the property items which had been destroyed. Petitioners computed the replacement values of the individual property items by comparing the listed items with similar ones advertised for sale at the time the list was prepared. In this manner, petitioners calculated the replacement cost of the distroyed property of $13,255.94. Following the fire, petitioners submitted their property list to their insurer, United *49 Fire & Casualty Company (hereinafter United), to support a claim under a fire insurance policy. This policy provided that petitioners were entitled to reimbursement to the extent of the actual 3 cash value of their destroyed property. The term "actual cash value" was defined in the policy as replacement cost less depreciation. The maximum coverage under the policy however, was $6,000. The adjuster who handled petitioners' claim concluded that the "approximate original cost" of the property on the list was $13,000. To determine the actual cash value of the property, the adjuster accepted petitioners' estimated replacement costs and applied what he believed to be an appropriate depreciation rate. He concluded that the actual cash value of the listed property at the time of the firs was $5,921.94 and that the damaged property had a negligible salvage value. He further determined that petitioners incurred clean-up expenses of $448.86. The loss of property plus the clean-up expenses resulted in a total loss, for insurance purposes, of $6,370.80.On the basis of the adjuster's report, United paid petitioners $6,000, the maximum amount to which they were entitled under their insurance *50 policy. In their 1968 return, petitioners deducted $3,528 as a "Fire loss." They arrived at this figure by taking the current replacement cost of the listed property and reducing it by approximately 30 percent for depreciation and 4 obsolesence. To that figure, they added an amount for property which they claimed had been destroyed in the fire but had not been included in the list. The figure they arrived at - $9,628 - was reduced by the $6,000 of insurance proceeds received from United and by the $100 limitation imposed by section 165(c) (3). In the notice of deficiency, respondent determined that petitioners were not entitled to any casualty loss deduction, since the amount of their loss did not exceed the amount they received from United. ULTIMATE FINDING OF FACT The fair market value of petitioners' property destroyed in the fire in 1968 was $6,370.80. OPINION Section 165(a) [2] allows a deduction for "any loss sustained during the taxable year and not compensated for by insurance or otherwise." In the case of an individual who sustains a loss from "property not connected with a trade or business,," section 165(c) (3) [3] provides that, if the loss is to be *51 deductible under section 165(a), it must "arise from fire, storm, shipwreck, or other casualty." The section also provides that the loss shall be deductible "only to the extent that the amount of loss * * * arising from each casualty * * * exceeds $100." Under the applicable regulations - section 1.165-7(b) (1), Income Tax Regs. - the deductible amount of the loss is the lesser of (1) the difference between the fair market value of the property before and after the casualty, or (2) the adjusted basis for the property. *52 To 6 the extent the loss exceeds any recovery that is received and the $100 limitation imposed by section 165(c) (3), it is deductible. The parties acknowledge that petitioners sustained a casualty loss in 1968 as a result of the fire and that they received $6,000 from their insurer. The question is whether their loss exceeded the amount of this recovery plus the $100 limitation imposed by section 165(c) (3). We believe that it did. The adjuster who handled petitioners' insurance claim, as detailed in our Findings, concluded that the actual cash value of the property listed with United was $5,921.94 immediately before the fire and that petitioners had incurred clean-up expenses of $448.86. The adjuster arrived at the actual cash value of the property by reducing the replacement costs of the various items on the list by what he believed were reasonable depreciation rates. He also concluded that, for all practical purposes, the property had no salvage value after the fire and that the original cost of the property was approximately $13,000. The record clearly shows that petitioners' basis in the destroyed property was approximately $13,000. It is 7 also clear that *53 the clean-up expenses ($448.86) incurred by petitioners are deductible as a casualty loss. Lena L. Steinert, 33 T.C. 447, 450-451 (1959). The only question is the fair market value of the property when it was destroyed. On consideration of the entire record, we think the adjuster's conclusion that the property was worth $5,921.94 prior to the fire is reasonable and that this figure represents the fair market value of the property at that time. Edmund W. Cornelius, 56 T.C. 976, 978-981 (1971). The total loss sustained by petitioners was thus $6,370.80. [4] This amount, less the $6,000 recovered from the insurance company and the $100 limitation imposed by section 165(c) (3), or $270.80, is the casualty loss deduction to which petitioners are entitled. Petitioners' remaining argument is that the case should be dismissed on the ground that they were denied *54 their right to a "speedy trial" under the Sixth Amendment to the United States Constitution. The basis for their 8 argument is that this case was not brought to trial until more than 4 years after they filed their 1968 return. Since this is not a criminal proceeding, petitioners' reliance on the Sixth Amendment is misplaced. Fleming v. Nestor, 363 U.S. 603, 613 (1960). Decision will be entered under Rule 50. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted. ↩
2. SEC. 165. LOSSES. (a) General Rule. - There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. ↩
3. SEC. 165. LOSSES. * * * (c) Limitation on Losses of Individuals. - In the case of an individual, the deduction under subsection (a) shall be limited to - * * * (3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. A loss described in this paragraph shall be allowed only to the extent that the amount of loss to such individual arising from each casualty, or from each theft, exceeds $100. ↩
4. Petitioners contend that other property not listed with the insurance company was destroyed in the fire. However, there is not sufficient credible evidence in the record to show that any such property was destroyed or damaged in the fire, or the amount of the loss attributable to such property. ↩