ROBERT M. MILLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Miller v. Commissioner
Docket No. 4412-74.
United States Tax Court
T.C. Memo 1975-110; 1975 Tax Ct. Memo LEXIS 261; 34 T.C.M. (CCH) 528; T.C.M. (RIA) 750110; April 21, 1975, Filed. Robert M. Miller, pro se. Robert E. Glanville, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the calendar year 1972 in the amount of $245. The only issue for decision is whether petitioner is entitled to deduct as a casualty loss an amount he paid to Avis Rent-A-Car System, Inc. (Avis), because of damages to a car owned by Avis in an accident while petitioner was driving the car for Avis from Florida to New Orleans, Louisiana. All of the facts have been stipulated and are found accordingly. *263 Petitioner, an individual, who at the time of filing his petition in this case, resided in Metairie, Louisiana, filed an individual Federal income tax return for the calendar year 1972. In February 1971, petitioner who was an airline employee, flew to Florida for personal reasons. As a result of heavy fog, petitioner was unable to return to New Orleans by air and worked out an arrangement with Avis in Florida to deliver a car for Avis to New Orleans. Under the arrangement petitioner paid no rental fees to Avis and was not covered by insurance. While en route from Florida to New Orleans on February 17, 1971, petitioner lost control of the car and wrecked it in Mississippi. In August 1971, Avis sued petitioner, alleging that under petitioner's contract with Avis, petitioner agreed to deliver a 1971 Plymouth automobile owned by Avis from Elgin Air Force Base, Florida to New Orleans, Louisiana in good appearance and safe mechanical condition, and that Avis had sustained a loss in the amount of $2,434.64 as a result of petitioner's breach of that contract. In the alternative Avis alleged that its loss in the amount of $2,434.64 was sustained as the result of petitioner's negligent *264 operation of its vehicle, which negligence caused the vehicle to be damaged when it ran off U.S. Highway 90 near Picayune, Mississippi, and collided with some trees. After petitioner learned that he was not covered by any insurance, he compromised the suit instituted against him by Avis by paying $1,300 damages to Avis in May of 1972. On his Federal income tax return for the calendar year 1972, petitioner showed the $1,300 paid to Avis as the amount of a casualty loss before adjustment, reduced the amount by the $100 limitation, and claimed a deductible casualty loss of $1,200. Respondent in his notice of deficiency disallowed the claimed deduction of the $1,200 casualty loss. Section 165(a), I.R.C. 1954, [1] provides for the allowance as a deduction for any loss sustained during the taxable year and not compensated for by insurance or otherwise. Section 165(b) provides that for the purposes of subsection (a), the basis for determining the amount of the deduction for any loss shall be the adjusted basis provided in section 1011 for determining the loss from the sale or other disposition of property. Section 165(c) provides for the limitation on losses of individuals. That subsection *265 provides that in the case of an individual, the deduction under subsection (a) shall be limited to (1) losses incurred in a trade or business; (2) losses incurred in any transaction entered into for profit, though not connected with a trade or business; and (3) "losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft." The evidence in this case shows that the $1,300 which petitioner paid to Avis was in no way connected with his trade or business or with any transaction entered into for profit. Petitioner had flown from New Orleans to Florida for personal reasons, and for personal reasons was driving the car owned by Avis from Florida to New Orleans. In fact, petitioner does not contend that the $1,300 represents a loss incurred in his trade or business or in a transaction entered into for profit. Petitioner's contention is that the $1,300 constitutes a casualty loss. Respondent takes the position that under section 165(c)(3), deductible losses are limited to losses of property owned by the taxpayer claiming the losses. *266 This has been our interpretation of the provision of section 165(c)(3). In Thomas J. Draper,15 T.C. 135 (1950), we held that the taxpayers were not entitled to a deduction for a casualty loss by fire of jewelry and clothing owned by an adult daughter even though that adult daughter was still dependent on the taxpayers for her support. In so holding, we stated: Deductions are allowed to taxpayers only by virtue of legislative grace and, to qualify, a taxpayer must prove he comes squarely within the authorizing statute. Basic in the law is the requirement that to support a deduction for loss of property, the claimant must have been the owner of the property at the critical time. * * * Similarly, in Katharine B. Bliss,27 T.C. 770 (1957), reversed on another issue 256 F. 2d 533 (C.A. 2, 1958), in holding that a life estate was property within the meaning of the predecessor of section 165(c), we recognized that in order to be entitled to a deduction for a casualty loss, the taxpayer must own the property which sustained the destruction by some form of casualty. See also Lena L. Steinert,33 T.C. 447, 450 (1959), holding *267 to the same effect as the Bliss case. The conclusion that a taxpayer must be the owner of property to be entitled to deduct a casualty loss for the destruction of a portion of that property is inherent in the long-standing holding that the amount of deduction for a casualty loss shall not exceed the taxpayer's adjusted basis in the property damaged by the casualty. See Helvering v. Owens,305 U.S. 468 (1939). A taxpayer has a basis only in property in which he has an ownership interest. In fact, petitioner in his argument, recognizes that the cases decided by this and other courts hold that a taxpayer is entitled to a deduction for a casualty loss under section 165(c)(3) only for the difference in the fair market value before and after the casualty of property owned by him with the limitation that the deduction shall not exceed his adjusted basis in the property owned by him. Petitioner's primary contention is that if these cases properly interpreted section 165(c)(3), then that section is unconstitutional because of discriminating against individuals who own property as compared to individuals who are required to make payments because a casualty occurs to *268 property which they do not own. While petitioner does not point to the provision of the Constitution on which he relies, in our view section 165(c)(3) is not unconstitutional under any of its provisions. We assume that petitioner is relying on the due process provision of the fifth amendment. In Vivien Kellems,58 T.C. 556, 558 (1972), affirmed per curiam 474 F. 2d 1399 (C.A. 2, 1973), certiorari denied 414 U.S. 831 (1973), we pointed out that although the 14th amendment is generally applicable to State Governments rather than to the Federal Government, the concept of equal protection has been held in certain situations to be applicable to the United States through the fifth amendment. However, in that case we further pointed out that under the holding of United States v. Maryland Savings-Share Ins. Corp.,400 U.S. 4 (1970), it is well settled that a legislative classification will not be set aside if it is rationally justified. In United States v. Maryland Savings-Share Ins. Corp.,supra, the taxpayer was claiming that section 501(c)(14)(B) was discriminatory in allowing mutual companies in existence *269 prior to September 1, 1957, engaged in certain specified businesses, an exemption from tax without giving a comparable exemption to companies organized after September 1, 1957. The court, in concluding that there was justification for the difference in classification, and therefore holding that the provision was not unconstitutional, pointed out that enactment of a "gradfather clause" exempting certain corporations from the provisions of the statute, did not of itself indicate that the Congress had made an arbitrary classification. Here, the classification of the statute allowing deductions for a casualty loss to property owned by a taxpayer, but not allowing a deduction to a taxpayer for payment made to another person because of damage by the taxpayer to that other person's property when the damage is caused in a situation in no way involved in a trade or business of the taxpayer or a transaction entered into for profit by the taxpayer, is not a discriminatory classification. As we pointed out in I. Hal Millsap, Jr.,46 T.C. 751, 762 (1966), aff'd. 387 F. 2d 420 (C.A. 8, 1968), not all expenses resulting from a casualty are deductible since under section *270 165(c)(3), taxpayers are permitted a deduction only for losses in property damage. In affirming our holding in Millsap, the Eighth Circuit rejected ( Millsap v. Commissioner, 387 F. 2d at 423), the taxpayer's alternative contention that if the $25,000 which he received under his insurance policy to cover additional living expenses at the time his home was destroyed by fire was includable in his income, then such amount should be deductible as part of his casualty loss, stating that "section 262 forecloses such relief." The court then pointed out that section 262 provides that no deduction shall be allowed for personal living or family expenses except as otherwise expressly provided. Just as family living expenses are personal expenses, so is an expense which arises out of a personal trip made by a taxpayer. Expenses of this type are not deductible. Section 262. Decision will be entered for respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954.↩